UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                       :
MURDISE MOORE,                       :
                                        :
                 Plaintiff,           :
                                        :               18 Civ. 9967 (JPC)
            -v-                          :
                                        :                <u>OPINION</u>
LOUIS DEJOY,                      :          <u>AND ORDER</u>
                                        :
                 Defendant.        :
                                         :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Murdise Moore, a letter carrier for the United States Postal Service, alleges that her supervisor created a hostile work environment on account of her age.  She brings this suit against the United States Postmaster General under federal, state, and city antidiscrimination laws.[1] Defendant moves to dismiss, arguing that Moore failed to administratively exhaust before filing her lawsuit and that Moore has failed to state a claim upon which relief may be granted.  For reasons that follow, the Court denies Defendant's motion with respect to Moore's federal claims but grants it with respect to her state and city claims.

---

[1] Moore originally sued Louis DeJoy's predecessor as Postmaster General, Megan J. Brennan.  On September 30, 2021, the Court updated the caption to reflect DeJoy as the proper Defendant.  Dkt. 52.

## I. Background[2]

### A. Factual Allegations

Moore, who is now seventy years old, has worked as a letter carrier for the Postal Service since 1988. Dkt. 6 ("Am. Compl.") at 4, 8. Early in 2017, Patricia Henry took over as the station manager of the Fordham Post Office in the Bronx, where Moore worked at the time. *Id.* at 8 ¶ 1. According to Moore, upon Henry's arrival, Henry announced that she was there to "clean house," that it was "[Henry's] way or no way at all," and that if any employee did not want their job, Henry was there "to take it." *Id.* Moore's allegations of a hostile work environment primarily concern Henry's conduct as Moore's supervisor that followed.

Moore first alleges that, on May 17, 2017, she was told to "quit or retire[]." *Id.* at 8 ¶ 2; *see* Opposition at 2 ("On May 17, 2017, I was told to quit my job because I'm old . . . ."). Then, later in 2017, Moore contends that she took several days off because she was ill, with a doctor's note as proof, but she was not paid for certain of those days. Am. Compl. at 8 ¶ 3. And then, upon her return to work, Henry demanded that Moore repay the Post Office $945, presumably for her paid time off. *Id.*

Moore alleges that her work environment continued to deteriorate on account of Henry's ageist treatment of her. In June 2018, after Moore returned from her mail delivery route, Henry allegedly announced to Moore, "look[,] the old lady is back." *Id.* at 9 ¶ 5. On September 8, 2018, as Moore was returning from a break, Henry allegedly shouted at Moore, calling her an "old mother

---

[2] This background comes from the factual allegations in the Amended Complaint, as well as relevant filings with the Equal Employment Opportunity Commission ("EEOC"). *See Holowecki v. Fed. Exp. Corp.,* 440 F.3d 558, 565-66 (2d Cir. 2006). Because Moore appears *pro se*, the Court also considers allegations asserted in her opposition to dismissal, Dkt. 49 ("Opposition"), so long as they are consistent with the facts she alleges in the Amended Complaint. *See Lugo-Young v. Courier Network, Inc.*, No. 10 Civ. 3197 (RRM), 2012 WL 847381, at *1 n.2 (E.D.N.Y. Mar. 13, 2012); *Richardson v. Dep't of Corr.*, No. 10 Civ. 6137 (SAS), 2011 WL 710617, at *3 n.46 (S.D.N.Y. Feb. 28, 2011).

fucking bitch." *Id.* at 9 ¶ 6.  Then, at work one day in May 2019, Henry allegedly told Moore that she should retire.  Opposition at 3.  Moore also claims that, on May 23, 2019, she received a letter from a district manager in the Bronx regarding an internal investigation that found the Fordham Post Office to be "a hostile work environment."  *Id.*

Overall, Moore says that she was "continuously harassed in an effort to make [her] retire." Am. Compl. at 9 ¶ 7; *see* Opposition at 2 ("I am being continuously harassed because of my age.")*.* She claims that this "constant harassment" has caused her to become a "nervous [w]reck" and suffer from sleepless nights, hair loss, and a nervous stomach, for which she now must take medicine.  Am. Compl. at 6.

## B.  Procedural History

On May 29, 2018, Moore filed a formal complaint with the Postal Service's equal employment opportunity ("EEO") office, alleging discrimination based on race, color, sex, and age.  Dkt. 40 ("Feuerstein Declaration"), Exh. 6.  On October 29, 2018, prior to the completion of that administrative process, Moore filed a lawsuit in this Court (the "Original Complaint").  Dkt. 1. Moore's Original Complaint alleged that the Postal Service violated federal labor law, specifically 29 U.S.C. §§ 157 and 158, by retaliating against her for engaging in protected union activity, and also violated federal health privacy laws.  *Id.* at 2, 8-9.  According to Moore, management at the Postal Service "retaliated against [her] for filing several grievances with [her] labor union concerning management's improper and/or forbidden conduct towards non-management employees, including [her]."  *Id.* at 8.  Moore further alleged that this retaliatory conduct was "meant to discourage others and [her] from engaging with [their] union in protected union activity," in violation of sections 157 and 158 and the collective bargaining agreement.  *Id.*  While Moore's allegations in the Original Complaint included conduct attributed to Henry, the Original

Complaint did not plead any allegations of age discrimination or a hostile work environment.  *Id.* at 8-11.

On July 12, 2019, the Honorable Colleen McMahon dismissed the Original Complaint *sua sponte* for failure to state a claim.  Dkt. 5.  While Judge McMahon noted that the Original Complaint "d[id] not provide any facts suggesting a cause of action under any of the antidiscrimination statutes," Judge McMahon granted Moore leave to replead "solely with respect to any claim that she was mistreated or retaliated against because of a protected characteristic." *Id.* at 7.  Judge McMahon further advised Moore that she must "indicate whether she filed a timely charge with the [EEOC] with respect to any employment discrimination claim she seeks to raise." *Id.*

On November 28, 2018, the Postal Service issued its Final Agency Decision with respect to Moore's EEO complaint.  *See* Feuerstein Declaration, Exh. 8.  The agency concluded that "the evidence does not support a finding that the complainant was subjected to discrimination as alleged." *Id.* at 19.  It also notified Moore of her rights to appeal the decision and to file a civil action. *Id.* at 20.  Moore timely appealed on December 27, 2018.  Feuerstein Declaration, Exh. 9. On August 29, 2019, the EEOC affirmed, holding that Moore had not shown that "discrimination or reprisal occurred."  Feuerstein Declaration, Exh. 10 at 4.  The decision advised Moore's of her right to file a civil action within ninety days.  *Id.* at 5.

Moore then filed the Amended Complaint on September 3, 2019, alleging age discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").  Am. Compl. at 3-4. She noted that she had filed an EEOC charge and attached her right-to-sue notice. *Id.* at 6, 16.  On

4

October 11, 2019, the case was reassigned to the Honorable Lorna G. Schofield, and on September 29, 2020, the case was reassigned to the undersigned.  On February 17, 2021, Defendant moved to dismiss.  Dkt. 39 ("Motion").

## II.  Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In other words, the plaintiff must allege facts that "nudge[] [his] claim[] across the line from conceivable to plausible."  *Id.* at 570.  Although the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as true legal conclusions couched as factual allegations," *Lafaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

The Court must construe *pro se* submissions "liberally" and interpret them "to raise the strongest arguments that they suggest."  *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  But a *pro se* complaint still "must state a plausible claim for relief."  *Id.* (quoting *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)).  "Even in a *pro se* case . . . 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"

*Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

### III.   Discussion

### A.  Exhaustion

Both Title VII and the ADEA require that a plaintiff file a timely complaint with the EEOC and obtain a right-to-sue letter before bringing suit in federal court.  *See* 42 U.S.C. § 2000e-5(e), (f); 29 U.S.C. § 626(d); *see Wrenn v. Sec'y, Dep't of Veterans Affairs*, 918 F.2d 1073, 1078 (2d Cir. 1990) ("[The plaintiff], having initiated administrative proceedings on his ADEA claim, was thus obliged to exhaust such proceedings before filing a civil action.").  Defendant argues that Moore failed to exhaust because she filed the Original Complaint before she received the Final Agency Decision or the results of her EEOC appeal.  *See* Motion at 10.

The Original Complaint, however, did not allege employment discrimination.  In the Original Complaint, Moore alleged that the Postal Service violated federal labor law by retaliating against her for filing grievances with her union and also violated federal health privacy laws.  For relief, she cited 29 U.S.C. § 157, which protects the rights of employees to collectively bargain, and 29 U.S.C. § 158, which enumerates unfair labor practices by employers.  That Original Complaint did *not* allege that Moore was the victim of age discrimination at the Fordham Post Office.  Nor did it allege that Moore endured a hostile work environment arising from Henry's treatment on account of her age.  Indeed, in dismissing that Original Complaint, Judge McMahon observed that Moore did "not provide any facts suggesting a cause of action under any of the antidiscrimination statutes that prohibit employers from mistreating an individual because of the individual's protected characteristics."  Dkt. 5 at 6.

6

Moore first pleaded age discrimination in the Amended Complaint.  As noted, the Amended Complaint was filed on September 3, 2019, several days after she had exhausted the administrative process and received a right-to-sue letter.  This is an unusual posture, and one addressed in none of the cases cited by Defendant.  *See* Dkt. 50 at 4 (citing *Economou v. Caldera*, 286 F.3d 144, 149 n.8 (2d Cir. 2002); *Jimenez v. Donahoe*, 968 F. Supp. 2d 609, 619 (S.D.N.Y. 2013); *Nicholson v. Mabus*, 257 F. Supp. 3d 6, 8 (D.D.C. 2017); *Maybank v. Speer*, 251 F. Supp. 2d 204, 207 (D.D.C. 2017)).

In the Second Circuit, exhaustion of administrative remedies under Title VII or the ADEA is not a jurisdictional prerequisite to suit.  *See, e.g.*, *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (Title VII); *Young v. Lord & Taylor, LLC*, 937 F. Supp. 2d 346, 352 (E.D.N.Y. 2013) (ADEA).  Rather, the exhaustion requirement is subject to equitable defenses.  *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 386 (2d Cir. 2015); *see also Pietras v. Bd. of Fire Comm'rs of Farmingville Fire Dist.*, 180 F.3d 468, 473-74 (2d Cir. 1999) (holding that the district court "acted well within its discretion" in excusing the plaintiff's failure to provide a right-to-sue letter after the EEOC refused to give her one based on an erroneous belief the plaintiff was not an employee).

Here, Moore should not be faulted for failing to exhaust her workplace discrimination claims before she filed a complaint that alleged only unrelated unfair labor practice allegations. There of course would have been no reason for Moore to exhaust age discrimination claims with the EEOC prior to filing an action alleging retaliation for engaging in protected union activities. And she only brought employment discrimination claims in federal court after she fully administratively exhausted those claims.  At no point did Moore plead a Title VII or ADEA claim in this court prior to complying with those statutes' exhaustion requirements.

The Seventh Circuit encountered an analogous situation in *Barnes v. Briley*, 420 F.3d 673 (7th Cir. 2005), a case involving the Prison Litigation Reform Act.  There, a *pro se* plaintiff filed an original complaint, which was followed by an amended complaint that pleaded different claims against different defendants.  *Id.* at 675-76.  Between the filing of the two complaints, the plaintiff exhausted the claims raised in the amended complaint.  *Id.* at 676-77.  The district court dismissed because the plaintiff failed to exhaust before filing the original complaint.  *Id.* at 676.  The Seventh Circuit reversed, holding that the district court's rationale "demanded that [the plaintiff] shoulder an impossible task—to exhaust remedies not yet pertinent to the allegations of the filed complaint." *Id.* at 678.  "[T]he amended complaint was the functional equivalent of . . . a new complaint," so exhaustion was not required until the time of amendment.  *Id.*; *see also Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017); *Rhodes v. Robinson*, 621 F.3d 1002, 1005-07 (9th Cir. 2010).

The same logic applies here.  Indeed, were the Court to accept Defendant's position that the Amended Complaint must be dismissed for failure to exhaust, the outcome would be somewhat bizarre.  Instead of amending her complaint, Moore could have simply filed a new complaint as a separate action under a different docket number.  If she did that, there would be no question that the Title VII and ADEA claims in that new complaint were properly exhausted.  Barring Moore's claims because she instead opted to amend the Original Complaint to allege for the first time employment discrimination—particularly where a previously assigned judge granted her leave to do so—would demand "meticulous observance of technicalities unrelated to any substantive purpose." *Weise v. Syracuse Univ.*, 522 F.2d 397, 412 (2d Cir. 1975).  That would be especially inappropriate for a litigant, like Moore, who is proceeding without the benefit of counsel.

**B. Merits**

**1. Moore's Claims Under Title VII and the ADEA**

The Court now turns to Defendant's argument that the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "The ADEA makes it unlawful for an employer to . . . 'discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Zoulas v. New York City Dep't of Educ.*, 400 F. Supp. 3d 25, 51 (S.D.N.Y. 2019) (quoting 29 U.S.C. § 623(a)(1)). "The analysis of the hostile working environment theory of discrimination is the same under the ADEA as it is under Title VII." *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999).[3]

A hostile work environment is created "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)). The Court evaluates the totality of the circumstances, including the abuse's frequency, severity, threatening nature, and tendency to interfere with work. *Id.* at 17. "Isolated, minor acts or occasional episodes do not warrant relief . . . but that does not mean that employers are free from liability in all but the most egregious cases." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 41 (2d Cir. 2019) (citations and quotation marks omitted). "[U]nder the ADEA, '[a] work environment will be considered hostile if a reasonable person would have found it to be so and if the plaintiff subjectively so

---

[3] Defendant seeks dismissal of Moore's Title VII age discrimination claim only by arguing failure to exhaust and by seeking to dismiss Henry's remarks as stray. The Court questions, however, the viability of an age discrimination claim under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1) (addressing discrimination based on "race, color, religion, sex, or national origin"); *see also Zawacki v. Realogy Corp.*, 628 F. Supp. 2d 274, 279 (D. Conn. 2009).

perceived it' because of conduct based on the plaintiff's over-40 age." *Id.* (quoting *Brennan*, 192 F.3d at 318).

Defendant argues that Moore fails to state a hostile work environment claim because she "alleges only stray remarks" that do not give rise to liability.  Motion at 11.  But "the 'stray remarks' doctrine is by no means dispositive," and "[i]n a claim of a hostile work environment, the emphasis is on the hostility of the work environment as a whole."  *Rasmy v. Marriott Int'l., Inc.*, 952 F.3d 379, 389 (2d Cir. 2020).  Like the plaintiff in *Rasmy*, who survived summary judgment, Moore alleges not one instance, but "numerous instances of discriminatory harassment" over multiple years committed by Henry.  *Id.*  And as alleged, Henry's comments to Moore could be perceived as intentionally discriminatory, especially when coming from Moore's supervisor, thus further underscoring the seriousness of the conduct.  *See St. Louis v. New York City Health & Hosp. Corp.*, 682 F. Supp. 2d 216, 230 (E.D.N.Y. 2010).  Given the allegations in the Amended Complaint, and taking into consideration Moore's *pro se* status, the Court concludes that Moore has sufficiently alleged facts to make her hostile work environment claim "more than a sheer possibility."  *Iqbal*, 556 U.S. at 678.

## 2.  Moore's Claims Under the NYSHRL and the NYCHRL

Because federal antidiscrimination law is the exclusive remedy for the workplace discrimination claims of federal employees, the analogous statutes under New York State and New York City law cannot provide Moore with a basis for relief.  *See Rivera v. Heyman*, 157 F.3d 101, 105 (2d Cir. 1998) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976)); *Garvin v. Potter*, 367 F. Supp. 2d 548, 559-60 (S.D.N.Y. 2005) (barring NYSHRL and NYCHRL claims by a former postal worker).  The Court thus dismisses Moore's claims under the NYSHRL and the NYCHRL with prejudice.

## IV.  Conclusion

For the foregoing reasons, the Court dismisses Moore's claims under the NYSHRL and the NYCHRL with prejudice but otherwise denies Defendant's motion to dismiss.  The Clerk of Court is respectfully directed to close the motion pending at Docket Number 38.  The Clerk of Court is also respectfully directed to mail this opinion to the *pro se* plaintiff.

SO ORDERED.

Dated: September 30, 2021
  New York, New York

           JOHN P. CRONAN
         United States District Judge