

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 5, 2021

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/8/2021
```

**VIA ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
New York, NY 10007-1312

    Re:   *Murdise Moore v. Megan J. Brennan*, 18 Civ. 9967 (JPC) (RWL)

Dear Judge Lehrburger:

    This Office represents Postmaster General Louis DeJoy ("Government"), defendant in the above-referenced employment-discrimination action brought by pro se plaintiff Murdise Moore. At the initial pretrial conference on October 28, 2021, the parties and the Court discussed the possibility of briefing an issue with important implications for discovery and possible settlement discussions—namely, which of Plaintiff's discrimination claims have been administratively exhausted. The Government writes to request leave to brief the issue, and to request that discovery be stayed pending the contemplated motion to dismiss, or in the alternative that discovery be limited to the narrow claims that the Government concedes were properly exhausted.

    <u>Background</u>

    On December 11, 2017, Plaintiff made an initial contact with the equal employment opportunity ("EEO") office, complaining of an incident on December 2, 2017. On May 29, 2018, the Plaintiff filed a formal complaint with the agency. She alleged that she was subjected to discrimination "based on Race (Black), National Origin (Unspecified), Sex (Female), Age (Unspecified), Religion (Unspecified), Retaliation (Prior EEO Activity) and Disability (Diabetes) when: (1) On December 2, 2017 through December 9, 2017, [she was] charged forty (40) hours of Absent without Leave (AWOL)," and "(2) On January 8, 2018, the supervisor called [her] physician inquiring about [her] medical condition."

    On June 22, 2018, the Postal Service issued a Partial Acceptance/Partial Dismissal of formal EEO Complaint, in which it noted that Plaintiff's complaint raised three issues: (1) she was charged 40 hours of AWOL for the period from December 2 through December 9, 2017; (2) on January 8, 2018, her supervisor called her physician inquiring about her medical condition; and (3) she received a Letter of Demand for $945.89 on an unspecified date. The Postal Service accepted for investigation the first two claims; it dismissed the third claim because it involved a collateral attack on a matter within the jurisdiction of the Debt Collection Act. The Partial Acceptance/Partial Dismissal expressly informed Plaintiff that, if she did not agree with the defined accepted issues, she "must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter . . . ." It further explained:

"Additional unrelated issues must be pursued through established procedures with your local EEO Office." Plaintiff did not file a written response, nor did she present additional issues through established EEO procedures. The EEO investigation therefore concerned only the charge of 40 hours of absence without leave, and the alleged call to Plaintiff's physician.

On November 28, 2018, the Postal Service issued a final agency decision ("FAD") concerning her EEO complaint, finding that the Agency did not discriminate against her. Plaintiff filed an appeal on December 28, 2018. On August 29, 2019, the EEOC affirmed the FAD, concluding that "Complainant has not shown that discrimination or reprisal occurred." In its decision, the EEOC noted that Plaintiff's allegations of discrimination involved the following: (1) "On December 2, 2017 through December 9, 2017, Complainant was charged forty (40) hours of Absent without Leave (AWOL); and (2) On January 8, 2018, Complainant's supervisor called Complainant's physician enquiring about her medical condition."

<u>Plaintiff Failed to Exhaust Claims of Pervasive Harassment</u>

On September 3, 2019, Plaintiff filed an Amended Complaint alleging that she was subject to "constant harassment" that caused her to become "a nervous [w]reck all the time," caused her to "seek counseling," and caused her "hair [to] fall[] out." ECF 6. She alleges, inter alia, that Patricia Henry, manager at the Fordham Post office, said to Plaintiff, "LOOK THE OLD LADY IS BACK." *Id.* She alleges that Ms. Henry "shouted out 'YOU OLD MOTHER FUCKING BITCH' as [she] ran inside." *Id.* She also alleged that she was "being continuously harassed in an effort to make [her] RETIRE." *Id.*

In the Government's view, any claim of pervasive harassment or of a hostile work environment has not been exhausted; instead, the sole exhausted claims concern the 40 hours of AWOL, and the call made to Plaintiff's physician inquiring about her medical condition.

The Government requests leave to file a motion to dismiss Plaintiff's claim for pervasive harassment, and to clarify that the only issues properly before the Court are whether the agency discriminated against her when she was charged with 40 hours of AWOL for the period of December 2 through December 9, 2017, and when, on January 8, 2018, a supervisor called her physician inquiring about her medical condition. The Government suggests the following briefing schedule: Opening brief due December 3; opposition brief, if any, due January 7; reply brief, if any, due January 14.

<u>Stay of Discovery</u>

The Government further requests that discovery be stayed or limited pending a decision on the contemplated motion. Without further clarity on the scope of the claims that are properly before the Court, it will be difficult to determine the proper scope of discovery. To be sure, a motion to dismiss does not automatically stay discovery, but "upon a showing a good cause a district court has considerable discretion to stay discovery." *See Integrated Systems and Power, Inc. v. Honeywell*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of N.Y.*, No. CV 2011-0622

(ERK)(MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). Courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Brooks v. Macy's Inc.*, No. 10 Civ 5304 (BSJ)(HBP), 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010).

Based on initial discussions, including at the October 28 initial pretrial conference, it is the Government's understanding that Plaintiff intends to seek broad discovery, including related to Ms. Patricia Henry's entire employment history. It is also the Government's understanding that Plaintiff prefers to engage in mediation pre-discovery. The Government should not be required to engage in broad discovery regarding the conditions of Plaintiff's employment and the history of her manager's employment if the only exhausted claims concern a one-week period when Plaintiff was allegedly considered AWOL, in connection with which Plaintiff's supervisor allegedly called her physician. Moreover, the Government cannot effectively assess its settlement position without clarity over the claims that are properly before the Court. The Government therefore submits that a stay of discovery is warranted. Alternatively, if the Court declines to stay discovery, the Government requests that it limit discovery to matters related directly to the 40 hours of AWOL that Plaintiff was allegedly charged for the period December 2 to December 9, 2017, and any alleged inquiries by Plaintiff's supervisor to her physician.

Plaintiff's Position

Plaintiff consents to the briefing schedule but does not consent to the requested stay of discovery. In Plaintiff's view, the Court's ruling on the contemplated motion would not affect the parties' discovery efforts; in her view, all witnesses and documents related to the conditions of her employment are relevant and important, regardless of whether her claims are narrowed.

I thank the Court for its attention to this request.

                                        Respectfully,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York

                   By:    /s/ Ilan Stein
                          ILAN STEIN
                          Assistant United States Attorney
                          86 Chambers Street, Third Floor
                          New York, NY 10007
                          Tel: (212) 637-2525
                          Ilan.Stein@usdoj.gov

cc: Plaintiff (via email)

Defendants may proceed with filing the proposed motion. The briefing schedule proposed is approved. Discovery shall be stayed as to the purportedly non-exhausted claims pending determination of the motion to dismiss. Discovery as to the concededly exhausted claims shall proceed. To be clear, discovery is not stayed with respect to material that is relevant to both the non-exhausted claims and the exhausted claims.

The Clerk's Office is respectfully directed to mail a copy of this Order to Plaintiff pro se and note service on the docket:

Murdise Moore
340 West 47th Street
Apt. 5-A
New York, NY 10036

SO ORDERED:

11/8/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE