

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 30, 2021

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2021
```

<u>**VIA ECF**</u>
The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
New York, NY 10007-1312

    Re:    *Murdise Moore v. Louis DeJoy*, 18 Civ. 9967 (JPC) (RWL)

Dear Judge Lehrburger:

    This Office represents Postmaster General Louis DeJoy ("Government"), defendant in the above-referenced employment-discrimination action brought by pro se plaintiff Murdise Moore. The Government writes respectfully to renew its request that discovery be stayed pending adjudication of the Government's motion to dismiss, the opening papers for which are due December 3.

    The Government initially requested a stay of discovery by letter dated November 5, 2021, in conjunction with a request for leave to file a motion to dismiss claims that, in the Government's view, were not exhausted at the administrative level—namely, claims of pervasive, age-based discrimination, including inappropriate comments allegedly made by Plaintiff's former manager, Patricia Henry. *See* ECF No. 62. The Government requested a stay of discovery or, in the alternative, a limitation of discovery to those claims that Plaintiff concededly raised in her administrative claim and that the Government had an opportunity to investigate—namely, claims that Plaintiff was improperly charged 40 hours of Absent Without Leave in December of 2017 ("AWOL Claims"). *Id.* The Court granted the Government's request for leave to file a motion to dismiss and stayed discovery solely as to the purportedly non-exhausted claims pending determination of the motion to dismiss. ECF No. 63.

    In drafting the Government's motion to dismiss, the opening papers for which are due December 3, the undersigned was reminded that the Court has already dismissed the AWOL Claims.[1] Indeed, on July 12, 2019, the Court *sua sponte* dismissed those claims. ECF No. 5 at 4-5. The Court explained that "the NLRB has exclusive jurisdiction over claims of unfair labor practices under section 8 of the NLRA." *Id.* It cited a Supreme Court decision for the proposition that "federal courts do not have jurisdiction over activity that is arguably subject to § 7 or § 8 of the NLRA and they must defer to the exclusive competence of the National Labor Relations Board." *Id.* at 4-5 (quoting *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 543 n.4 (1988)). "General Counsel's decision as to whether to issue

---

[1] The undersigned apologizes for having overlooked the Court's prior dismissal of the AWOL Claims in its November 5 letter to the Court. ECF No. 62.

a complaint in response to an unfair labor practice charge may not be reviewed by a court." *Id.* at 5.

Because the Court has already dismissed the AWOL Claims, which are the sole claims that were concededly exhausted at the administrative level, the Government's contemplated motion to dismiss is potentially dispositive of this entire action. The Government submits that discovery should therefore be stayed pending a decision on the contemplated motion.

Under Rule 26(c) of the Federal Rules of Civil Procedure, a stay of discovery may be issued upon a showing of "good cause." "[C]ourts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds, or, stated another way, does not appear to be without foundation in law." *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotation marks and brackets omitted) (collecting cases). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of N.Y.*, No. CV 2011-0622 (ERK)(MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). Courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Brooks v. Macy's Inc.*, No. 10 Civ 5304 (BSJ)(HBP), 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010).

The Government's contemplated motion may be dispositive of this entire action and has a sound basis in law. Moreover, discovery in this action—even into the more limited issues that the Court allowed in its November 8 order, *see* ECF No. 63—would likely be burdensome for the parties. It is the Government's understanding that Plaintiff intends to seek broad discovery; indeed, Plaintiff has already served an initial set of interrogatories, which seek wide-ranging information relating to Ms. Patricia Henry's employment history. The Government should not be required to engage in broad discovery regarding, *inter alia*, the history of her manager's employment, and to incur expenses associated with depositions and other discovery, if the Government's contemplated motion may result in a dismissal of the entire action.

Plaintiff's Position

Plaintiff has previously indicated, in connection with the Government's initial request for a stay of discovery, that she does not consent to a stay of discovery. As Plaintiff explained, she does not think that the Court's ruling on the contemplated motion should affect the parties' discovery efforts.

I thank the Court for its attention to this request.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ Ilan Stein
      ILAN STEIN

Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2525
Ilan.Stein@usdoj.gov

cc: Plaintiff (via email)

For the reasons stated herein, all discovery is stayed pending determination of Defendant's motion to dismiss.

The Clerk's Office is respectfully directed to mail a copy of this Order to Plaintiff pro se and note service on the docket:

Murdise Moore
340 West 47th Street Apt. 5-A
New York, NY 10036

SO ORDERED:

12/1/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

3